NEW JERSEY SUPREME COURT, ESSEX CIRCUIT

BROWN & SECCOMB, a corporation,

*v.*

HARRY SHAFMAN et al.

**Examination Before Trial—Unethical to Advise Client not to Answer Questions which are Relevant and material—Should Object to Those He Regards Improper and After Commission has Returned Testimony Move the Court to Strike Out All Questions Which Were Objected To—Attorney not Concerned in Whether Answer Will Incriminate Witness.**

Application to compel a party, who has been subpœnaed to appear and testify before trial, to answer questions which he had refused to answer on the advice of his counsel.

*Messrs. Silberman & Grosman* (by *Mr. Robert D. Grosman*), for the plaintiff.

*Mr. Maurice J. Zucker,* for the defendants.

GUMMERE, CHIEF-JUSTICE (after argument).

When a *subpœna ad testificandum* is issued under the statute the party who takes out the subpœna is entitled to examine his adversary before a supreme court commissioner, and he is entitled to have from that party answers to all competent and relevant questions.

It is no part of the function of counsel, in fact it is unethical for counsel, to advise his client not to answer questions which are relevant and material to the issue. The proper course for counsel to pursue in an examination of that kind is to object to all questions which, in his opinion, are incompetent, irrelevant or immaterial, and then, when the commissioner has returned the testimony, to move before the court to strike out all questions and answers to which

he has objected at the time they were submitted and which he considers illegal.

The method of procedure which counsel for the defendants and these other members of the bar (with whom he says he has consulted) have adopted would make it impossible to conduct an examination of this kind with any hope of finishing it, for, according to their theory, as I understand it, an attorney may instruct his client not to answer a question or any questions, and then, when the client follows that advice, the matter is to be brought to the attention of the court, and, if the question is proper, the court is to say to the witness, "yes, you must answer that question," and then the parties go back to the commissioner, and the witness answers that question, and then refuses to answer the next, whereupon the parties come back to the court for instruction with relation to that question. If the witness is asked twenty questions, each one of which he refuses to answer, that means a delay, ordinarily, of twenty weeks, and, if fifty questions are asked, that means a delay of fifty weeks, for it will take at least a week to get a judge to pass on each question thus dealt with.

If any such conduct was indulged in where an examination was held under an order of the court, someone would get into hot water; and the reason of it is that any such conduct would not only be improper and unethical, but would be practically a contempt of the court whose order is thus disregarded.

(After further argument.)

(To defendants' counsel): It does not concern you, as an attorney, one iota whether the answer of your client to a question put to him will incriminate him or whether it will not. The fact that the answer may incriminate him does not make the answer incompetent. If it will incriminate him he may refuse to answer upon that ground; but whether he will refuse to answer on that ground or not is a matter for him personally to determine, without advice from his lawyer or from the court. It is a personal privilege, which he may assert or waive, as he sees fit. A question is not

objectionable at all merely because the answer will tend to incriminate; and counsel has no business—I mean legal business—to object for any such reason to a question which is competent. Much less is there any justification for his action in advising his client to refuse to answer a question for such a reason.